BENJAMIN TAYLOR ET AL. v. JAMES H. LOVE, COLLECTOR OF JERSEY CITY.

1. Personal property situate within Jersey City, and belonging to a firm of four, three of whom were non-residents of the state, and the fourth resided in Elizabeth, was assessed in Jersey City.  *Held,* that the interests of the non-resident partners were clearly assessable there, and as the resident partner has not shown what his interest is we can make no reduction.

The writs in these cases bring up for review certain taxes levied by the authorities in Jersey City upon certain personal property owned by the Iron Carbon Roofing Company. The company was a firm consisting of Benjamin H. Taylor, A. J. Deidrick, C. S. Garrett and Wm. H. Rankin. Their business was the manufacture of roofing materials and their factory was situated in Elizabeth.

The firm had property in Jersey City consisting of a building, boiler, pumps and tanks, all admittedly personal property. This is the property assessed in Jersey City for 1878 and 1879, which assessments are brought up.

All the partners were non-residents except Mr. Rankin, who resided at Elizabeth.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

Taylor v. Love.

For the prosecutors, *P. H. Gilhooly.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

·REED, J. The reasons assigned for the avoidance of these assessments are, first, that the domicil of the firm known as the Carter Iron Carbon Roofing Company was in Elizabeth, and that all its personalty should have been there assessed ; second, that this assessment is in excess of the value of the property.

As to the first reason. A firm has no domicil distinct from the joint domicil of the partners. If all the partners reside in the same taxing district, it may not, perhaps, be inaccurate to speak of the domicil of the firm as lying there, if the term is used in connection with the subject of taxation. But where the partners live in different taxing districts, the place of business does not fix the place of taxation for all the personalty of the firm, wherever situate. The statute has made no provision for the taxation of the property of partnerships.

Where the partners, as is usual, reside in the same town or township, and where no complications arise from a desire of the members of the firm to make deduction for individual debts to an amount greater than their individual property as distinguished from their property in the firm, then there seems no valid reason why an assessment made either to a firm or to the individual members of the firm should not be equally sufficient. Therefore it has been held that the assessment may be made in either form. *State, Forst, pros.,* v. *Parker,* 5 *Vroom* 71.

But as these complications are likely to arise, it is, perhaps, the better practice for assessors to make the assessment against the individual members of the firm for the value of their interest in the property of the firm.

In this case, inasmuch as the firm can have no domicil, the interest of the three non-resident partners was, by the statute, taxable where the *situs* of the property was, in Jersey City.

What their interest was does not appear, nor what interest the resident partner had at the time of the assessment.

The testimony throws no light upon this matter. That the interest of a majority of the members of this firm is correctly assessed does not admit of a doubt. How are we to make a deduction for the interest of the resident partner. He should have shown his interest so as to permit the court to make a deduction upon proven facts, and not ask it to jump at a conclusion which may relieve the firm of a portion of a levy which is justly imposed. *State, W. B. & L. Ass'n, pros.,* v. *Hornbaker,* 12 *Vroom* 519; *S. C.,* 13 *Vroom* 635.

Nor are the prosecutors in a position to successfully crave a reduction of the tax upon the ground of over-valuation, because no statement was made to the assessor. *Pamph. L.* 1871, *p.* 1094, §§ 143, 144, 146.

> Assessment affirmed, with costs.